FLAGG v. SCHOENLEBEN et al.

(Supreme Court, Appellate Term. March 5, 1908.)

CONTRACTS—SUBSTANTIAL PERFORMANCE—AMOUNT OF RECOVERY.

Where there is proof of substantial performance of a contract, judgment is properly rendered for the balance unpaid, less the value of the work omitted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1361.]
MacLean, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by George W. Flagg against Joseph Schoenleben and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Benjamin F. Gerding, for appellants.
Reeves, Todd & Swain, for respondent.

GILDERSLEEVE, P. J. The plaintiff entered into an agreement with the defendants whereby he undertook to excavate a foundation for a house, move and place thereon a house then located at another place, and repair injuries caused by moving, all for the sum of $1,525. Subsequently extra work was contracted for between the same parties amounting to $320. The two contracts were treated as one by the parties, and as payments were made they were applied on account of both as the work progressed. The defense claimed that the plaintiff had not completed the contracts, and therefore was not entitled to the balance sued for until such completion. The plaintiff proceeded upon the theory of substantial performance, claiming that the omissions or deviations from the contract were slight and unimportant. The learned trial justice agreed with the contention of the plaintiff, and, after hearing all the testimony, fixed the value of the work omitted at $30, deducted this sum from the balance unpaid under the contracts, and gave plaintiff judgment for $147.75. The plaintiff testified he offered to complete the work and was not al-

lowed to do so. The judgment violates no principle of law, is warranted by the evidence, and should not be disturbed.

The judgment should be affirmed, with costs.

BISCHOFF, J., concurs.

MacLEAN, J. (dissenting). The defendants were entitled to performance by the plaintiff of the contract made by him with themselves, and are not to be required to be satisfied with the contract made by the trial justice, who, besides requiring them to pay costs for accepting his supposititious agreement, would compel them to employ some one to do what the plaintiff undertook to do, to put in a window in an attic bathroom, to cope all area walls with bluestone not less than 4 inches thick and 12 inches wide, all well bedded in cement, and to do plastering and patching of all plaster damaged in the moving. These substantial and irritating omissions by him were admitted only upon cross-examination; for he had testified that he had completed the work called for under the contract, with the exception of some plastering in the cellar, not completed because the defendants would not let the plasterer in. "The modern rule, adopted upon the theory that the parties are presumed to have impliedly agreed to do what is reasonable under all the circumstances with reference to the subject of performance," so that there may be a recovery, without a literal or exact performance of the contract price less the damages on account of slight defects caused by inadvertence or unintentional omissions, where a builder has in good faith intended to comply with the contract, would be unwarrantedly and harshly applied here, where the plaintiff has acted in bad, rather than good faith, and still refuses to perform matters of substantial convenience as he undertook, and for which the defendants, as appeared upon the trial, have always been and are still willing to pay. It was a matter of prudence on the part of Mrs. Schoenleben not to allow into the house a strange young man, whose only warrant for coming was his assertion that he came from the plaintiff.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.